IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DIXON, | Civil No. 2:06-0392 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| GOLDEN-MASANO-BRADLEY, LAW FIRM, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## **M E M O R A N D U M**

Before the court is Plaintiff Keith Dixon's Motion to Disqualify Defendants Golden-Masano-Bradley (GMB) and Defendant James E. Gavin of GMB from Representing Defendant Sovereign Bank, et al., In This Action (Doc. 9). The court will deny the motion for the reasons stated below.

**I.     Background**

On January 30, 2006, Plaintiff filed a complaint, pro se, against all of the named Defendants, alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et. seq.*, the Pennsylvania Fair Credit Extension Uniformity Act (hereinafter "PFCEUA"), 73 Pa. Cons. Stat. Ann. §§ 2270.1 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter "PUTPCPL"), 73 Pa. Cons. Stat. Ann. §§ 202-1 *et seq*. On April 21, 2006, Defendants filed a joint motion to dismiss Plaintiff's complaint (Doc. 6). On May 15, 2006, Plaintiff filed his amended complaint. Subsequently,

on May 15, 2006, Defendants filed a joint motion to dismiss Plaintiff's amended complaint (Doc. 8), which is pending.[1]

Plaintiff filed the instant motion to disqualify counsel for Sovereign Bank on May 15, 2006 (Doc. 9). Defendants filed a brief in opposition to the motion on May 23, 2006 (Doc. 10) and Plaintiff filed a document entitled Plaintiff's Reply to Answer of Defendant, Sovereign Bank, to Plaintiff's Motion to Disqualify Golden-Masano-Bradley and James E. Gavin, Esquire from Representing Sovereign Bank on June 15, 2006 (Doc. 15).[2]

## II.     **Legal Standard**

The court may, within the scope of supervising the professional conduct of attorneys before it,[3] disqualify an attorney, although disqualification is not favored. *George v. Wausau Ins. Co.*, No. CIV. A. 99-6130, 2000 WL 276915, at *1 (E.D. Pa. Mar. 13, 2000) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d

---

[1] Defendants' motion to dismiss the complaint (Doc. 5) was dismissed as moot on May 24, 2006 (Doc. 11).

[2] The court notes that Plaintiff did not file a separate brief in support of his motion to disqualify, as required by the local rules, but appears to rely on the motion itself to set forth any arguments and legal authorities upon which Plaintiff relies. Additionally, the court notes that Plaintiff did not seek leave to file a reply to Defendants' responsive brief, although reply briefs are not automatically permitted by the local rules.

The court further notes that Plaintiff has also filed a motion in limine (Doc. 14), which is not yet ripe, but which similarly fails to include a supporting brief. Because Plaintiff is pro se, the court will permit Plaintiff to rely on the arguments made in his pending motions. However, the court refers Plaintiff to Local Rule 7.1, which sets forth the requirements for submitting motions to the court, and will expect Plaintiff to comply with the rule, as well as any other applicable procedural rules, in the future.

[3] The court's local rules incorporate the rules of professional conduct adopted by the Supreme Court of Pennsylvania. E.D. Pa. R. 83.6(IV)(B).

Cir. 1980); *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984); *Hamilton v. Merrill Lynch*, 645 F. Supp. 60, 61 (E.D. Pa. 1986)).  The court's decision turns on the balancing of "the longstanding tradition that a party's choice of counsel is entitled to substantial deference" with the court's duty " 'to assure that attorneys observe the ethical obligations set forth in the ABA Code of Professional Responsibility.' " *Id.* (quoting *Hamilton*, 645 F. Supp. at 61).  Accordingly, violations of the rules of professional conduct "do not necessarily provide grounds for disqualification."  *Id.* (citing *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1284 (Pa. 1992)).

> Rather, disqualification is reserved for circumstances where the court determines, on the facts of a particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule.  It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions.

*Id.* (quoting *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200 (E.D. Pa. 1992)).  Finally, "the court resolves any doubts in favor of disqualification"; however, the party arguing for disqualification bears the burden of demonstrating "clearly that continuing representation would be impermissible." *Id.* (internal quotations omitted).

### III.     Discussion

The court will deny Plaintiff's motion to disqualify Defendant Sovereign Bank's counsel because Plaintiff fails to demonstrate clearly that Defendants GMB and James Gavin's representation of Defendant Sovereign Bank is

impermissible under the instant circumstances.  Plaintiff's argument appears to rely solely on the allegations that form the substance of the violations alleged in the amended complaint; essentially, that because Defendants GMB and Mr. Gavin engaged in conduct that violates the rules of professional conduct, as well as the FDCPA and other statutes,[4] they should be disqualified from representing Sovereign Bank in the instant action.  Such circular reasoning fails to provide a sufficient basis for interfering with Sovereign Bank's right to choose legal counsel.

   First, Plaintiff's allegations against Defendants are simply that – allegations.  Bare accusations that ethical rules have been violated, without more, cannot serve as the basis for disqualifying an attorney from representing a client.  Defendants are correct in noting that if accusations alone were enough, parties could too easily interfere with the opposing party's chosen legal representation by challenging their counsel's compliance with the rules of professional conduct.  *Cf. Kot v. Stolle*, No. CIV. A. 91-3509, 1993 WL 409156, at *2 (E.D. Pa. Oct. 8, 1993) ("The fact that I am a defendant in other actions does not, in itself, require my recusal. If it did, a litigant could resort to the rankest form of judge shopping by simply filing an action against a judge to force that judge's recusal.").

   Second, even if Defendants were found to have violated a rule of professional conduct, such violations do not automatically warrant disqualification; rather the disqualification depends upon the requirements and purpose of the rule and how it is applied in particular factual scenarios.  Plaintiff fails to identify any specific rule that, if violated, mandates the disqualification of counsel.  He simply generally maintains that abandonment of the rules of professional conduct requires

---

[4] Defendants deny Plaintiff's allegations.

disqualification. His motion is devoid of any rule language or other authority to support disqualification under the instant circumstances. Accordingly, because Plaintiff fails to identify a specific ethical rule that precludes GMB or Mr. Gavin's representation of Sovereign Bank here, the court will deny Plaintiff's motion.

### IV.     Conclusion

For the foregoing reasons the court will deny Plaintiff's motion to disqualify GMB and Mr. Gavin from representing Sovereign Bank. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 23, 2006.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DIXON, | Civil No. 2:06-0392 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| GOLDEN-MASANO-BRADLEY, LAW FIRM, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Disqualify Defendants Golden-Masano-Bradley (GMB) and Defendant James E. Gavin of GMB from Representing Defendant Sovereign Bank, et al., In This Action (Doc. 9) is **DENIED**.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: June 23, 2006.